UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT BULLOCK, | : | **CIVIL NO. 3:10-CV-1160** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Smyser) |
| JON D. FISHER, Superintendent SCI-Smithfield, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

On June 1, 2010, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is not challenging his criminal conviction or sentence. Rather, the petitioner is challenging four prison disciplinary misconduct findings against him which resulted in him being placed in the Restricted Housing Unit (RHU) at the State Correctional Institution at Smithfield. The petitioner seeks release from confinement in the RHU.

The petitioner's claims are not cognizable in a habeas corpus case.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id*. at 484. The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody." *Id*. at 487. The Court held that when a prisoner "is challenging the very fact

2

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id.* at 500. However, the Supreme Court has never followed the speculation in *Preiser* that habeas corpus may be available to challenge prison conditions. *Muhammad v. Close,* 540 U.S. 749, 751 n.1 (2004)(noting that the Court has not followed the speculation in *Preiser* and holding that prisoner challenging

3

prehearing detention "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's [v. Humphrey,* 512 U.S. 477 (1994)] favorable termination requirement was in applicable").

In the years following *Preiser,* the distinction and interplay between habeas corpus and 42 U.S.C. § 1983 claims have been clarified. "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge . . . must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Id.*

In the instant case, the petitioner does not contend that he lost good-conduct-time credits as a disciplinary sanction. Rather, he contends that he was placed in disciplinary custody as a disciplinary sanction.

4

Prison sanctions of disciplinary detention and administrative segregation do not alter the length of incarceration or imply the invalidity of the fact or duration of a prisoner's confinement. *Torres v. Fauver,* 292 F.3d 141, 150 (3d Cir. 2002).

Even if the petitioner would prevail on his claims, his release date from prison would not change. The petitioner is not challenging his conviction or the very fact or duration of his physical imprisonment.

The petitioner's claims are not within scope of habeas corpus, which is a challenge to the very fact or duration of physical imprisonment and which involves relief in the form of the immediate release or a speedier release from that imprisonment. Rather, the petitioner's claims are conditions of confinement claims which are within the scope of 42 U.S.C. § 1983.[1]

---

1. Our conclusion that the petitioner's claims are conditions of confinement claims that are within the scope of 42 U.S.C. § 1983 claims should not be understood as any comment on the merits of such claims.

5

Certain statutory provisions cause it to be important that the court make a threshold determination whether a prisoner's action is a habeas corpus action or a Section 1983 action. One is that there is a different filing fee for a civil rights action as compared to a habeas action. Also, in § 1983 actions *in forma pauperis* and other restrictions are in place under the Prison Litigation Reform Act of 1996 (PLRA), including the "three strikes" provision of 28 U.S.C. § 1915(g).[2]

The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a 42 U.S.C. § 1983 action as a habeas corpus action.

---

2. We note that because the petitioner has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, he may not proceed *in forma pauperis* in a 42 U.S.C. § 1983 action unless he is under imminent danger of serious physical injury at the time he files a complaint. In a 42 U.S.C. § 1983 action in which the petitioner is a plaintiff, we recently revoked the petitioner's *in forma pauperis* status. *See Sanders v. Beard,* 3:09-CV-01384 (M.D.Pa.)(doc. 260).

Since the petitioner has not presented claims which are cognizable as habeas corpus claims, it will be recommended that his petition for a writ of habeas corpus be dismissed.

Based on the foregoing, it is recommended that the respondent's motion (doc. 10) to dismiss the petition be granted[3], that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: September 14, 2010.

---

3. Although we are recommending that the respondent's motion to dismiss the petition be granted because the petitioner's claims are not cognizable as habeas corpus claims, we note that we do not agree with the respondent's characterization of the petitioner's claims as Eighth Amendment claims. The petitioner's claims are clearly not Eighth Amendment claims. Rather, the petitioner's claims are that he was denied due process in connection with his prison disciplinary hearings and that the misconduct reports were issued in retaliation for his legal activities.