# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT BULLOCK,<br><br>    Petitioner,<br><br>    v.<br><br>JON D. FISHER, Superintendent SCI-Smithfield,<br><br>    Respondent. | CIVIL ACTION NO. 3:10-CV-1160<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the court is the report and recommendation of Magistrate Judge J. Andrew Smyser, recommending that Lamont Bullock's petition for a writ of habeas corpus be dismissed.

## **Background**

Mr. Bullock is a state prisoner proceeding *pro se*. He filed his petition for a writ of habeas corpus on June 1, 2010. He alleged that he was subject to disciplinary sentences and confinement in the disciplinary custody unit without adequate notice, a neutral tribunal, or the ability to be heard.

The respondent moved to dismiss. Magistrate Judge Smyser recommends that the motion be granted, because Mr. Bullock's claims "are not cognizable in a habeas corpus case."

Mr. Bullock objects to the report and recommendation and argues that his claims are appropriate for disposition with a writ of habeas corpus.

1

## II. Discussion

**A. Standard of Review**

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

**B. The Petitioner's Case is Not Appropriate for Habeas Corpus Review**

Mr. Bullock claims that a writ of habeas corpus is available because he claimed his liberty in prison has been subjected to greater restrictions without due process of law.

"By statute, a federal habeas court has jurisdiction over any claim that a prisoner is 'in custody in violation of the Constitution or laws' of the United States." *Withrow v. Williams*, 507 U.S. 680, 715 (citing 28 U.S.C. §§ 2241(c)(3), 2254(a), 2255). The Third Circuit has

2

explained:

> [W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge . . . must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, a [civil rights action] is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Claims brought under a § 2241 petition must challenge the fact or duration of a sentence or confinement." *Gilliam v. Holt*, 188 F. App'x 79, 80 (internal citations omitted). Mr. Bullock's challenges to the disciplinary proceeding or his placement in a restricted housing unit do not implicate the fact or length of his sentence. Thus, they are not properly presented in a habeas petition.

Mr. Bullock also claims his petition should survive dismissal because he requested restoration of good-time credit. First, as Magistrate Judge Smyser rightly notes, "the petitioner does not contend that he lost good-time credits as a disciplinary sanction," but instead generally requests his credits be restored. A naked request to have good-time credits restored, without an allegation that they were removed in violation of the law, does not state a claim upon which relief can be granted. Moreover, Mr. Bullock had no good-time credit to begin with.

It is true that *federal* inmates possess a liberty interest in good-time credit. *Gilliam*, 188 F. App'x at 81 (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–57 (1974)). The federal sentencing scheme allows for credit earned for good behavior to reduce the length of a prisoner's determinate sentence. 18 U.S.C. § 3624(b).

By contrast, Pennsylvania does not employ good-time credits. Pennsylvania uses an indeterminate sentencing scheme, under which a sentencing court imposes both a minimum

3

and a maximum term. *Commonwealth v. Kleinicke*, 895 A.2d 562 (Pa. Super. 2006). "Once the [prisoner] completes the minimum term of incarceration, it is up to the Parole Board to determine when (and if) [he] will be released before serving the maximum sentence imposed by the court." *Fordham v. Penn. Bd. of Probation & Parole*, No. 4:10-cv-480, 2010 WL 2428647, at *2 (M.D. Pa. June 15, 2010). Mr. Bullock was not eligible for good time credits, and therefore his objection on this ground fails.

Because this action is not cognizable in habeas corpus, it will be dismissed, but the petitioner is not precluded from bringing his claims as a civil rights action under 42 U.S.C. § 1983.

### III. Conclusion

For the reasons stated above, the objections to the report and recommendation will be overruled. The report and recommendation will be adopted, respondent's motion to dismiss (Doc. 10) will be granted, and the case will be closed. An appropriate order follows.

December 21, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAMONT BULLOCK,

    Petitioner,

    v.

JON D. FISHER, Superintendent SCI-Smithfield,

    Respondent.

NO. 3:10-CV-1160

(JUDGE CAPUTO)

## ORDER

**NOW**, this 21st day of December, 2010, **IT IS HEREBY ORDERED** that:

(1) The petitioner's objections to the report and recommendation (Docs. 25, 27) are **OVERRULED**.

(2) The report and recommendation (Doc. 21) is **ADOPTED**.

(3) The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to its claims being brought under 42 U.S.C. § 1983.

(4) The clerk of court is directed to mark this matter **CLOSED**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge